UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RP CONSTRUCTION, LLC** : **DOCKET NO. 2:15-cv-2600**

**VERSUS** : **JUDGE TRIMBLE**

**SMC BUILDERS, INC. ET AL.** : **MAGISTRATE JUDGE KAY**

**<u>MEMORANDUM ORDER</u>**

SMC Builders, Inc. and Continental Casualty Corporation (collectively, "defendants") move to transfer venue based on a forum selection clause in the subcontract between SMC Builders, Inc. and RP Construction, LLC ("plaintiff"). Doc. 12. The article in question describes the dispute resolution process and the relevant clause reads:

> If Subcontractor is dissatisfied with such decision, either party may seek to have the dispute resolved **in any court having jurisdiction over** SMC's office address [in San Antonio, Texas] written above.

Doc. 12, att. 3, p. 6 (emphasis added). Plaintiff opposes the motion, arguing that the forum selection clause is permissive or that it is ambiguous and ought to be construed against SMC Builders, Inc. as permissive. Doc. 15, pp. 5–9.

Neither party addresses whether this court would be excluded by the clause in the first instance.[1] Under the facts of this case this court has jurisdiction over SMC regardless of where its

---

[1] This court's confusion stems from the unusual language chosen for this provision. We routinely deal with clauses that clearly designate where litigation is to take place. *See,* for example, *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575, 187 L. Ed. 2d 487 (2013) ("all disputes ... 'shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division.'"); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587-88, 111 S. Ct. 1522, 1524, 113 L. Ed. 2d 622 (1991) ("all disputes and matters whatsoever arising under ... this Contract shall be litigated ... before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.") The provision in this litigation does not limit the parties to a court in San Antonio, Texas but rather "any court having jurisdiction."

office address is located; therefore, it is unclear how this clause might limit venue to the Western District of Texas.

Accordingly, the parties are ordered to supplement the briefs previously submitted on the Motion to Transfer [doc. 12] on or before **March 8, 2016**, to address the potential ambiguity contained in the forum selection clause's reference to jurisdiction.

THUS DONE AND SIGNED in Chambers this 23rd day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE