RECEIVED

MAY 1 2 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

R P CONSTRUCTION LLC

VERSUS

S M C BUILDERS, INC., et al

CIVIL ACTION NO. 1:15-2600

JUDGE JAMES T. TRIMBLE, JR.

MAG. JUDGE KAY

## MEMORANDUM ORDER

Before the court is "Defendants' Objection to and Appeal of Magistrate Judge's Ruling on Motion to Transfer Venue Pursuant to 28 U.S. C. § 1404(A)" (R. #26) wherein defendants, SMC Builders, Inc. and Continental  Casualty Company (collectively "SMC") object to the Magistrate Judge's Ruling denying their motion to transfer venue. For the following reasons, defendants' objection will be overruled.

## FACTUAL ALLEGATIONS

Defendant, SMC, is a general contractor who entered into a contract with the Defense Commissary Agency, Construction Design Branch, to build a new commissary at Fort Polk.[1] As the general contractor for the project, SMC[2] executed a subcontract agreement with plaintiff, RP Construction, LLC ("RP) in connection with the project.[3] In this lawsuit, RP contends that even though it performed all work required under the subcontract agreement, plus additional work SMC caused RP to perform, SMC failed to pay RP $108,954.65 for work performed pursuant to

---

[1] R. #1, ¶ 6.
[2] SMC secured a payment bond from Continental  which bound SMC and Continental "jointly and severally;" RP made demand on both RP and Continental, but both have refused to make payment on the sums claimed.
[3] Id., ¶ 8.

1

the subcontract agreement and $218,082.73 for the additional work.[4] RP is seeking the sums due under the subcontract agreement and the additional work as well as interest, attorney's fees and costs.

SMC filed a motion to transfer venue which was denied by the Magistrate judge.[5]  SMC now objects and challenges that ruling.

## LAW AND ANALYSIS

The ruling on the motion to transfer venue is a non-dispositive ruling.  Non-dispositive rulings by magistrate judges are reviewed under a "clearly erroneous" or "contrary to law" standard.[6] "When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions. The magistrate judge's legal conclusions are freely reviewable by the district judge, who applies a *de novo* standard."[7]

SMC relies on a four-step dispute resolution procedure in the subcontract agreement to support its position that this suit can only be brought in the Western District of Texas.  The relevant provisions are as follows:

> If SMC and Subcontractor have a dispute arising out of or relating to this Subcontract... then Subcontractor agrees to give SMC notice within ten (10) days when the dispute first arises, or else Subcontractor waives all rights to claim additional compensation or a time extension for it.

> If Subcontractor gives SMC the required notice, Subcontractor will attempt to settle the dispute in the first instance with SMC's project manager.

---

[4] Id. ¶ ¶ 13 and 14.
[5] R. #28.
[6] Fed. R. Civ. P. 72(a).
[7] LaSalle Bank v. Massachusetts Bay Ins. Co., 2009 WL 69236, at *1 (M.D. La. Jan 9, 2009).

> If Subcontractor is dissatisfied with the response of SMC's project manager, . . . Subcontractor may, within the next ten (10) days, appeal to the next level of SMC's management at SMC's San Antonio, Texas, office for a decision.
>
> If Subcontractor is dissatisfied with such decision [by SMC's management], either party may seek to have the dispute resolved in any court having jurisdiction over SMC's office address written above.[8]

SMC argues that the "may" in the fourth step simply allows either party the option of instituting litigation after exhausting the first three steps in the process, but mandates that the litigation must take place "in any court having jurisdiction over SMC's office address, which is San Antonio, Texas.

RP takes issue with this interpretation. First, RP contends that the Subcontract does not identify any exclusive venue for litigating contract disputes. In other words, it does not mandate San Antonio as the exclusive venue for litigation.  RP cites <u>Global Seafood Inc. v. Bantry Bay Mussels, Ltd.,</u>[9] wherein the court stated that "[a] permissive forum selection clause 'only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate." "[T]he normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose."[10]

The Fifth Circuit has consistently required that, to be mandatory, a forum selection clause must contain clear and unequivocal language demonstrating the parties' intent to establish an

---

[8] Defendant's exhibit A, art. 16, R. #12-3.
[9]  659 F.3d 221, 225 (2d Cir. 2011).
[10] Id. at 225 (citing <u>John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.,</u> 22 F.3d 51, 53 (2d Cir. 1994)).

exclusive forum.[11] RP contends that there are no words in the Subcontract agreement that clearly specifies that the location of SMC's office address establishes the exclusive venue for litigation. As noted by RP, mandatory clauses are never inferred but instead require clear unequivocal, express language establishing that the parties intended a particular forum to be the exclusive venue for litigation. For instance, in Torres v. SOH Dist. Co.,[12] the mandatory clause stated that "distributor *shall* file any suit against SOH *only* in the federal or state court having jurisdiction over SHO's principal office. . ."

RP further asserts that if an ambiguity exists, it must be construed against defendant, SMC, as the drafter of the subcontract agreement.[13]

The court finds that defendants' motion to transfer venue was appropriately denied by the Magistrate Judge. The forum selection clause must contain clear and unequivocal language demonstrating the parties' intent to establish an exclusive forum.  The provisions in the subcontract agreement failed to contain such language.

## CONCLUSION

For the reasons set forth above, the court finds that the ruling of the Magistrate Judge denying the motion to transfer venue is correct and the defendants' objections to the ruling are without merit.  Accordingly,

**IT IS ORDERED** that the appeal of the Magistrate Judge's ruling is hereby **AFFIRMED** and defendant's objections are hereby **OVERRULED.**

---

[11] See City of New Orleans v. Municipal Admin. Srvcs.,Inc., 376 F.3d 501, 504 (5th Cir. 2004);Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127-28 (5th Cir. 1994); UNC Lear Servs., Inc. v. Kingdom of Saudi of Arabia, 581 F.3d 210, 219 (5th Cir. 2009); see also Waste Mgmt. of La., L.L.C. v. Jefferson Parish, 48 F.Supp.2d 984, 909 (E.D. La. 2014).
[12] 2010 WL 1959248 (E.D. Va. May 13, 2010)(emphasis added).
[13] See  Tenneco, Inc. v. Greater LaFourche Port Comm'n, 427 F.2d 1061, 1065 (1932); Keaty v. Freeport Indonesia, Inc., 503 F.2d 955, 957 (5th Cir. 1974).

**THUS DONE AND SIGNED** in chambers on this $\underline{12^{th}}$ day of May, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE